UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LYNDA J. REON                                                      PLAINTIFF

VS.                                                      CIVIL ACTION NO. 2:20-cv-110-KS-MTP

GARCIA CAMPOS, TA LOGISTICS, INC.
AND JOHN DOES 1, 2, & 3                                          DEFENDANTS

## NOTICE OF REMOVAL

TO:    Brad R. Thompson, Esq.
       Bob Sullivan, Esq.
       Post Office Box 45
       Laurel, Mississippi 39441
       *Attorneys for Plaintiff*

       Martin Hankins
       Lamar County Circuit Clerk
       Post Office Box 369
       Purvis, Mississippi 39475

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, TA Logistics, Inc. ("TA Logistics" or

"Defendant") gives Notice of Removal of this civil action from the Circuit Court of Lamar County,

Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern

Division. In support of this removal, Defendant respectfully submits as follows:

## STATEMENT OF THE CASE

1.      The Plaintiff filed her Complaint on or about March 25, 2020 in the Circuit Court

of Lamar County, Mississippi ("the State Court Action"). The Complaint was docketed in that

court as "*Lynda J. Reon v. Garcia Campos, TA Logistics, Inc., and John Does 1, 2, & 3,* Cause

No. 37:20CV032)". A true and correct copy of the Complaint is attached hereto as ***Exhibit A*** -

Complaint.

2.     The Complaint in the Circuit Court of Lamar County, Mississippi is of a civil nature at law brought by the Plaintiff which seeks to recover damages alleged to have been suffered, as a result of the Defendant's negligence.  *See Exhibit A -* Complaint at *¶¶* 8 & 9*.*

3.     The United States District Court for the Southern District of Mississippi, Eastern Division, embraces the county in which the State Court Action is now pending.  Therefore, removal is proper to this Court pursuant to 28 U.S.C. §§ 104(a)(1) and 1441(a).

4.     As set forth below, this Court has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441, because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## DIVERSITY JURISDICTION

5.     Citizenship of the parties is determined as of the time the Complaint is filed.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

6.     According to the Plaintiff's Complaint, Plaintiff Lynda Reon is a resident citizen of Jones County, Mississippi. *See Exhibit A* - Complaint at *¶* 1.

7.     TA Logistics maintains its principal place of business in the state of Texas and is incorporated in the state of Texas. Therefore, TA Logistics is a corporate citizen of Texas for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

8.     According to the Plaintiff's Complaint, defendant Garcia Campos ("Campos"), is an adult resident citizen of Tamaulipas, Mexico. *See Exhibit A* - Complaint at *¶* 2.  Therefore, Campos is a citizen of a foreign state for purposes of diversity jurisdiction. 28 U.S.C. § 1332(a)(2).

9.    Because Plaintiff and Defendants are citizens of different States, in accordance with 28 U.S.C. §1332, there is complete diversity of citizenship between the Plaintiff and the Defendants.

## AMOUNT IN CONTROVERSY

10.    The Plaintiff's Complaint seeks damages arising out of a April 11, 2017, incident which allegedly resulted in injuries to Plaintiff. In the Complaint, Plaintiff alleges past and future medical care; past, present, and future, pain and suffering; and permanent injury. *See Exhibit A* – Complaint at ¶ 12.

11.    While the Plaintiff's Complaint does not allege a specific dollar amount of damages, the Plaintiff seeks recovery of "compensatory and punitive damages in an amount to which a jury may feel they [sic] are entitled[.]" *See Exhibit A* – Complaint, at p. 6.

12.    It is well-settled that claims for punitive damages are included in the calculation of the amount in controversy. *Brasell v. Unumprovident Corp.*, No. 2:01CV202-D-B, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F.Supp.2d 423, 428–29 (N.D.Miss.1998).

13.    Federal courts in Mississippi "have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Id*.

14.    In order to show that the jurisdictional amount has not been met, the Plaintiff must show with legal certainty that the recovery will not exceed the amount stated in the complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 1410 (5th Cir. 1995). Then, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, at 289).

3

**TIMELINESS OF REMOVAL AND OTHER PROCEDURAL REQUIREMENTS**

15.     The Complaint was filed on or about March 25, 2020. TA Logistics was served with process on or about May 30, 2020.

16.     This Notice of Removal, therefore, is timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days after the receipt of the initial pleading by Defendant from which Defendant could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. §1446(b).

17.     As of the date of this filing, defendant Campos has not been served with this Complaint and a Summons has not been issued for his service. As such, all properly joined and served defendants consent to removal of this action.

18.     Therefore, pursuant to the provisions of Title 28 U.S.C. §1441, *et seq.*, this civil action is removable by the Defendant.

19.     In accordance with 28 U.S.C. § 1447(b) and L.U.Civ.R. 5(b), Defendant will submit a copy of the state court pleadings herewith no later than fourteen (14) days from the date of removal.

20.     Contemporaneously with the filing of this Notice of Removal, Defendant is filing a copy of the same with the clerk of the Circuit Court of Lamar County, Mississippi, in accordance with 28 U.S.C. § 1446(d). Additionally, written notice of the removal is being given to all parties. *Id.*

WHEREFORE, Defendant TA Logistics, Inc. respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein. Defendant also respectfully requests such other relief as this Court deems just and proper in the premises.

THIS the 17th day of June, 2020.

Respectfully submitted,

TA LOGISTICS, INC.

By Its Attorneys

DunbarMonroe, PLLC


_s/ David C. Dunbar_
David C. Dunbar

OF COUNSEL:

David C. Dunbar (MSB #6227)
Christopher G. Dunnells (MSB #105029)
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, Mississippi 39157
Telephone: (601) 898-2073
Facsimile: (601) 898-2074
Email: dcdunbar@dunbarmonroe.com
        cdunnells@dunbarmonroe.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for Defendant, TA Logistics, Inc., hereby certify that I have this day filed the above and foregoing ***Notice of Removal*** via ECF and upon the filing of same a true and correct copy was served via U.S. Mail to the following interested parties:

Brad R. Thompson, Esq.
Bob Sullivan, Esq.
Post Office Box 45
Laurel, Mississippi 39441
*Attorneys for Plaintiff*

Martin Hankins
Lamar County Circuit Clerk
Post Office Box 369
Purvis, Mississippi 39475

THIS the 17th day of June, 2020.

  *s/ David C. Dunbar*  
David C. Dunbar